1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

BLAYDEN D. WALL,

11

                 Plaintiff,

12

    v.

13

14

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

15

                Defendant.

16

CASE NO. 15-cv-05281 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

17

       This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19

Magistrate Judge and Consent Form, Dkt. 6; Consent to Proceed Before a United States

20

Magistrate Judge, Dkt. 7). This matter has been fully briefed (*see* Dkt. 10, 19, 20).

21

       After considering and reviewing the record, the Court concludes that although

22

both parties agree that the ALJ erred in evaluating plaintiff's severe impairments and the

23

Veterans Affairs ("VA") disability rating, further administrative proceedings would be

24

useful because there are outstanding issues in the medical evidence, and thus in assessing

plaintiff's residual functional capacity ("RFC"), to be resolved.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42

U.S.C. § 405(g) to the Acting Commissioner for further consideration.

BACKGROUND

Plaintiff, BLAYDEN D. WALL, was born in 1970 and was 39 years old on the

alleged date of disability onset of June 19, 2009 (*see* AR. 146-47). Plaintiff received an

MBA online in 2010 (AR. 47-48). Plaintiff was in the Army for five years, was a police

officer for twelve years, and at the time of hearing was in the National Guard, where he

had been an aircraft mechanic and public affairs officer (AR. 48-49). He last worked as a

journalism intern but was unable to keep up even on a part-time basis (AR. 50).

According to the ALJ, plaintiff has at least the severe impairments of "bilateral

shoulder degenerative joint disease, fibromyalgia, irritable bowel syndrome, and

dysthymia (20 CFR 404.1520(c))" (AR. 24).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42

U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following

reconsideration (*see* AR. 67-76, 78-90). Plaintiff's requested hearing was held before

Administrative Law Judge Dan R. Hyatt ("the ALJ") on August 27, 2013 (*see* AR. 42-

65). On September 27, 2013, the ALJ issued a written decision in which the ALJ

concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 18-

41).

1    In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ

2    improperly reject the VA's findings; (2) Did the ALJ improperly reject the opinion of

3    plaintiff's treating medical sources; (3) Did the ALJ improperly reject PTSD and sleep

4    apnea as non-severe impairments at step two; (4) Did the ALJ improperly analyze lay

5    witness statements; (5) Did the ALJ conduct an improper credibility evaluation; and (6)

6    Did the ALJ err in failing to conduct an adequate step five analysis (*see* Dkt. 10, p. 1).

7    Defendant acknowledge that the ALJ erred.  "The parties agree the case should be

8    reversed but disagree on whether this Court should remand for further administration

9    proceedings or for payment of benefits" (*see* Defendant's Brief Requesting Remand, Dkt.

10   19, p. 1).

11   STANDARD OF REVIEW

12   Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

13   denial of social security benefits if the ALJ's findings are based on legal error or not

14   supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

15   1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

16   1999)).

17   DISCUSSION

18   **Whether the case should be remanded for further administrative proceedings**
     **or reversed for payment of benefits.**

19   The parties agree that the ALJ erred in his evaluation of plaintiff's severe

20   impairments and the VA disability rating. However, the parties disagree as to

21   whether this matter should be reversed and remanded for further proceedings or for

ORDER ON PLAINTIFF'S COMPLAINT - 3

an award of benefits. Plaintiff contends that further development of the record is unnecessary and therefore that the plaintiff should be found disabled and this matter should be remanded with a direction to award benefits (*see* Dkt. 20, pp. 9-10). Defendant contends that further development of the record is necessary because the ALJ must be given the opportunity to weigh the VA rating, assess plaintiff's impairments, and determine an appropriate onset date (*see* Dkt. 19, p. 5-6).

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen, supra*, 80 F.3d at 1292 (citations omitted). Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether [or not] further administrative proceedings would be useful. In evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

1      The final step, then, is to determine whether or not "if the improperly

2  discredited evidence [was] credited as true, the ALJ would be required to find the

3  claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.

4  2014) (*citing Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008);

5  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Orn v. Astrue,* 495 F.3d

6  625, 640 (9th Cir. 2007)*; Benecke, supra,* 379 F.3d at 595; *Smolen*, *supra*, 80 F.3d

7  at 1292). The court noted that at this final "stage of the credit-as-true analysis, we

8  do not consider arguments against crediting evidence that the ALJ did not make."

9  *Id.* at 1022 n.29.

10      The *Garrison* Court found that "the district court abused its discretion by

11  remanding for further proceedings where the credit-as-true rule is satisfied and the record

12  afforded no reason to believe that [the claimant] is not, in fact, disabled." *Id.* at 1021

13  (footnote omitted). The court noted that simply providing an ALJ with another

14  opportunity to reject evidence is not proper, and concluded as follows:

15

16      Although the Commissioner argues that further proceedings would serve
17      the "useful purpose" of allowing the ALJ to revisit the medical opinions
       and testimony that she rejected for legally insufficient reasons, our
18      precedent and the objectives of the credit-as-true rule foreclose the
       argument that a remand for the purpose of allowing the ALJ to have a
19      mulligan qualifies as a remand for a "useful purpose" under the [second]
       part of the credit-as-true analysis. (Citations to *Benecke*, 379 F.3d at 595
20      ("Allowing the Commissioner to decide the issue again would create an
       unfair 'heads we win; tails, let's play again' system of disability benefits
21      adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)
       ("The Commissioner, having lost this appeal, should not have another
22      opportunity to show that Moisa is not credible any more than Moisa, had he
       lost, should have an opportunity for remand and further proceedings to
23      establish his credibility." (citation omitted))).

24

ORDER ON PLAINTIFF'S COMPLAINT - 5

1 | *Id.* at 1021-22.

2     However, the Court also notes that in another recent case, the Ninth Circuit

3 | pointed out that the issue of whether or not further administrative proceedings would

4 | serve a useful purpose comes before the court decides and applies the final part of the

5 | credit-as-true rule. *See Treichler, supra*, 775 F.3d at 1105 (citations omitted). The

6 | *Treichler* court, after noting inconsistencies between the claimant's statements and the

7 | record, concluded that because of conflicts and ambiguities in the record, and because not

8 | all essential factual issues were resolved, further factual development was necessary to

9 | resolve the issue of credibility. *Id.* at 1103-06. As noted by the court, "an ALJ's failure to

10 | provide sufficiently specific reasons for rejecting the testimony of a claimant or other

11 | witness does not, without more, require the reviewing court to credit the claimant's

12 | testimony as true." *Id.* at 1106.

13

14     Here, the parties agree that the first step is met, as defendant concedes that the

15 | ALJ erred in evaluating plaintiff's severe impairments and the VA disability rating (*see*

16 | Dkt. 19, p. 3-8).

17     However, the second step is not met because the record as a whole is not free from

18 | ambiguities such that plaintiff's entitlement to benefits is clear under the applicable legal

19 | rules. *See Treichler, supra*, 775 F.3d at 1103-04. Although the ALJ failed to properly

20 | assess plaintiff's post-traumatic stress disorder ("PTSD") and sleep apnea as severe

21 | impairments, the onset date of the limitations resulting from these impairments is not

22 | clear. Though plaintiff's alleged disability onset date is June 19, 2009, VA treatment

23 | records indicate plaintiff produced a positive PTSD screen in February of 2010 after

24

ORDER ON PLAINTIFF'S COMPLAINT - 6

screening negative in 2009 (*see* AR. 899). Plaintiff was previously diagnosed with adjustment disorder with depressed mood, but screens for PTSD symptoms in particular produced negative results throughout 2009 (*see* AR. 929, 932, 935, 947). Plaintiff argues in response that "the alleged onset date is consistent with the development of [plaintiff's] severe impairments and resulting limitations" but fails to provide any further factual evidence establishing that the impairment was present at the alleged onset date (*see* Dkt. 20, p. 2). The Court cannot say that all factual issues have been resolved and that plaintiff is clearly entitled to benefits, so the credit-as-true argument fails at step two. *See Treichler, supra*, 775 F.3d at 1103-04.

Furthermore, even should additional limitations be assessed, another outstanding issue is whether or not a vocational expert may still find an ability to perform other jobs existing in significant numbers in the national economy. Plaintiff argues that giving full weight to the limitations opined by Dr. Lisa Yballe, M.D., regarding the impairments improperly found not to be severe, a finding of disability would be required (*see* Dkt. 20, pp. 3-4). However, plaintiff cites no evidence that the limitations opined by Dr. Yballe would necessitate a finding of disability other than the doctor's own statement that plaintiff's combined symptoms are disabling (*see id.*). Dr. Yballe's ultimate opinion of disability is not determinative. *See* 20 C.F.R. § 416.912(b)(7), § 416.927(e)(1) ("[T]he ultimate determination" as to whether a claimant is disabled is reserved to defendant, and thus "[a] statement by a medical source that [the claimant is] 'disabled' or 'unable to work' does not mean" that he or she will be found to be disabled.). Instead, any additional limitations assessed must be incorporated into a new RFC, and the ALJ must

ORDER ON PLAINTIFF'S COMPLAINT - 7

1  reevaluate whether plaintiff can perform work at steps four and five with vocational

2  expert testimony, if necessary.

3         Therefore, for the reasons stated and based on the record as a whole, the Court

4  concludes that this matter must be remanded for further administrative consideration.

5                                    <u>CONCLUSION</u>

6         Based on these reasons and the relevant record, the Court **ORDERS** that this

7  matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

8  405(g) to the Acting Commissioner for further consideration consistent with this order.

9

10        **JUDGMENT** should be for plaintiff and the case should be closed.

11 Dated this 9th day of November, 2015.

12

13                                          J. Richard Creatura
                                            United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24