UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BLAYDEN D. WALL,

          Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

          Defendant.

CASE NO. 15-cv-05281 JRC

ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7). This matter is before the Court on plaintiff's Unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 25).

The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

ORDER GRANTING UNOPPOSED MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 1

1  *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first

2  to such agreement and will conduct an independent review to assure the reasonableness of the

3  fee requested, taking into consideration the character of the representation and results achieved.

4  *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the

5  fee agreement is the primary means for determining the fee, the Court will adjust the fee

6  downward if substandard representation was provided, if the attorney caused excessive delay, or

7  if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151

8  (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

9        Here, the representation was standard, at least, and the results achieved excellent (*see*

10  Dkt. 25, Attachment 3). *See Grisbrecht, supra*, 535 U.S. at 808.  Following remand from this

11  Court for further consideration (*see* Dkt. 21), plaintiff was awarded benefits. There has not been

12  excessive delay and no windfall will result from the requested fee.

13        Plaintiff's total back payment was $143,127.00 (*see id.*, p. 3). Plaintiff has moved for a

14  net attorney's fee of $22,981.75 (*see* Memorandum, Dkt. 25, Attachment 2, p. 4), and the Court

15  has considered plaintiff's gross attorneys' fees of $35,781.75, the $6,000 already received by

16  plaintiff's other attorney for work before the administration (under § 406(a)), and the EAJA

17  award received by plaintiff's attorney being deducted from this gross award in the amount of

18  $6,800.00. *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

19        Based on plaintiff's unopposed motion and supporting documents (*see* Dkt. 25,

20  Attachments 1, 2, 3, 4, 5, 6), it is hereby ORDERED that attorney's fees in the amount of

21  $29,781.75 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b). After reduction of

22  the EAJA fee already awarded to plaintiff's attorney in the amount of $6,800.00 from this 406(b)

23  award, the Social Security Administration shall pay $22,981.75 directly to plaintiff's attorney,

24

1 | David M. Church, Esq.  The Social Security Administration is to release the remaining funds
2 | (representing the previously awarded EAJA fees) in the amount of $6,800.00 to plaintiff.
3 |     Dated this 24th day of July, 2017.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING UNOPPOSED MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3